1  SCOTT J. HYMAN (State Bar No. 148709)
   sjh@severson.com
2  GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
   grw@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  ERIK KEMP (State Bar No. 246196)
   ek@severson.com
8  SEVERSON & WERSON
   A Professional Corporation
9  595 Market Street, Suite 2600
   San Francisco, California 94105
10 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

11
   Attorneys for Defendant
12 VEROS CREDIT, LLC

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

| JOSE TORRES, individually and on behalf of all others similarly situated, | Case No. Assigned to: Hon. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| VEROS CREDIT, LLC, and DOES 1 through 10, | Action Filed:    February 21, 2023 |
| Defendants. | |

23 TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

24 CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR

25 ATTORNEYS OF RECORD:

26        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, 1332(d),

27 and 1453(b), defendant Veros Credit LLC  ("Veros Credit" or "Defendant") hereby

28 removes the above-captioned action from the Superior Court of the State of

12554.0028/16449990.1

California, in and for the County of Orange, to the United States District Court, Central District of California. Veros Credit alleges that it is entitled to removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), as follows:

1. Veros Credit is a named defendant in the civil action filed on or about February 21, 2023 by plaintiff Jose Torres ("plaintiff") in the Superior Court of the State of California, in and for the County of Orange, entitled *Jose Torres v. Veros Credit, LLC,* Case No. 30-2023-01309051-CU-BT-CXC (the "State Court Action"). The putative class action complaint contains seven counts for (1) Negligence, (2) Common Law Invasion of Privacy, (3) Cal. Const. Art. 1, § 1 Invasion of Privacy, (4) Breach of Implied Covenant, (5) Violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798 *et seq.*, (6) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and (7) Declaratory Relief.

2. On March 21, 2023, Veros Credit was served with copies of the Summons, Complaint, and Alternative Dispute Resolution (ADR) Information Package. True copies of these documents are attached as <u>Exhibit A</u>. Veros Credit has not yet answered or otherwise responded to the complaint in the State Court Action. Accordingly, the documents attached as Exhibit A constitute all pleadings, process, and orders served on Veros Credit in the State Court Action, as required by 28 U.S.C. § 1446(a).

3. Removal to this district court is proper because this is the district which embraces the county in which plaintiffs filed the State Court Action. 28 U.S.C. § 1441(a).

4. *Intradistrict Assignment.* Assignment to the Southern Division is appropriate because this is alleged to be a civil action arising in the County of Orange.

5. This action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. §1332(d)(2) and is one which may be removed to this

Court by Veros Credit pursuant to 28 U.S.C. §§1441(a), 1446, and 1453(b). "Federal jurisdiction under CAFA has three elements: (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must 'exceed[ ] the sum or value of $5,000,000.' " *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (*citing* 28 U.S.C. § 1332(d)) (footnote omitted). This is a putative class action involving more than 100 alleged class members in which at least one member of the alleged class is a citizen of a State different than Veros Credit and the amount that plaintiff's allegations place in controversy exceeds $ million, exclusive of costs and interest.

6. *Class Action*. This action is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B). Paragraphs 112-124 of the complaint allege that plaintiff is suing on his own behalf and on behalf of a putative class under California Code of Civil Procedure Section 382. Section 382 is similar to Rule 23 of the Federal Rules of Civil Procedure and allows one or more representative persons to sue on behalf of others as a class action.

7. *Numerosity*. The alleged class consists of more than 100 members. Paragraph 112 of the complaint alleges that the class is comprised of all persons nationwide who Veros Credit sent a notice of data breach on or about December 5, 2022, informing them that their personal identifying information had be accessed. Compl., ¶ 18. The complaint also alleges a California subclass comprised of all persons to whom Veros Credit sent such a notice with a California address. Paragraph 3 of the complaint alleges that at least 52,281 persons fall with the nationwide class. Compl., ¶ 3. Further, based on its records, Veros Credit has determined that more than 100 persons fall within the class.

8. *Minimal Diversity*. A member of the alleged class is a citizen of different State than Veros Credit.

/ / /

a. Plaintiff was, and still is, a citizen of the State of California. Paragraph 18 of the complaint alleges that plaintiff is a resident and citizen of the State of California, and Veros Credit alleges on information and belief that plaintiff also was and still is a citizen of the State of California. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

b. Veros Credit is not a citizen of the State of California. Veros Credit is a Nevada limited liability company. "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006)); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Clear Blue Ins. Co. v. B & G Realty, LLC*, No. CV 22-7449-JFW(EX), 2022 WL 18228181, at *1 (C.D. Cal. Oct. 20, 2022); *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. All. Atlantis Int'l Distribution, LLC*, No. CV 13-05834 MMM MRWX, 2013 WL 6055328, at *4 (C.D. Cal. Nov. 15, 2013). Veros Credit's sole member is Veros Financial Holdings, Inc., a Nevada corporation with its principal place of business in Nevada. Accordingly, Veros Credit is not, and, at the time plaintiffs filed their complaint, was not, a citizen of the State of California, but of the State of Nevada, the State of which its member is a citizen.

c. Veros Credit is informed and believes that one or more other members of the alleged putative class were, and still are, citizens of the State of California. Paragraph 112 of the complaint defines the subclass as persons who were mailed a Notice of Data Breach at a California address. One or more of the putative class members who were mailed such notices were, and still are, citizens of California.

/ / /

d. The citizenship of Does 1 through 10 is disregarded pursuant to 28 U.S.C. § 1441(a). *See Cripps v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992).

9. *Amount in Controversy.* The amount in controversy in this action exceeds the sum or value of $5 million, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold..." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014)

10. The complaint does not explicitly allege the value of the matter in controversy in this action. Veros Credit denies it has any liability to plaintiffs or the putative class they seek to represent, and it need not concede liability to establish the amount in controversy. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015). Nevertheless, a fair reading of the allegations in plaintiffs' complaint demonstrates that it is more likely than not that the alleged amount in controversy exceeds $5 million. *See Knowles*, 133 S. Ct. at 1348; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978-982 (9th Cir. 2013).

11. The complaint alleges that Veros Credit failed to properly maintain and safeguard plaintiff's and the class's personal identifying information ("PII"), thus resulting in a data breach that exposed their PII. (Compl., ¶¶ 1-6, 127 ) The complaint seeks actual compensatory damages, statutory damages, restitution, injunctive relief, declaratory relief, attorneys' fees, costs and expenses. (*Id.*, ¶¶ 153, 166-167; 180-181, 195, 207, 223-234, Prayer, ¶¶ A-H.) This relief is sought on behalf of all putative class members.

/ / /

12. The complaint seeks an order requiring Veros Credit to pay for a lifetime of identity protection services for each class member. (*Id.*, ¶¶ 12, 13-17 Prayer, ¶ D.) On information and belief, a lifetime of identity protection services would cost more than $100 per class member. Because there are alleged to be over 52,000 class members, the amount in controversy is satisfied for that reason alone.

13. The complaint alleges various forms of damages, including "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII"; "lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach, including but not limited to lost time"; lost or diminished value of their personal identifying information ("PII"), and the continued and increased risk to their PII. (*Id.*, ¶¶ 14, 17, 27.) On information and belief, the total amount of damages in these categories sought on behalf of the 52,281 class members is more than $100 per class member. Therefore, these allegations further show the amount in controversy is satisfied.

14. The complaint also alleges violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798 *et seq.*, on behalf of the California subclass. Compl., ¶¶ 196-208. Plaintiff alleges that he intends to amend the complaint to seek damages "to be measured as the greater of actual damages or statutory damages in an amount up to seven hundred and fifty dollars ($750) per consumer per incident. See Cal. Civ. Code §§1798.150(a)(1)(A) and (b)." Based on its records, Veros Credit has determined that more than 7,000 persons are included within the California subclass. Accordingly, assuming that each California subclass member is entitled to an award of least $750, the amount in controversy requirement is satisfied for that additional reason.

15. Plaintiff seeks declaratory and injunctive relief against Veros Credit. (*Id.*, ¶¶ 17, 234, Prayer ¶¶ B-C .) The relief sought includes improvements to Veros Credit data security systems, future annual audits by outside personnel conducted at

1  Veros Credit's expense, and various training programs. *Id.* The amount in
2  controversy on plaintiffs' claims for injunctive relief is measured by "the value of
3  the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.
4  2001); *see also Chapman v. Deutsche Bank Nat. Trust Co.,* 651 F.3d 1039, 1045 n.2
5  (9th Cir. 2011). Though difficult to quantify at this early juncture, the value of the
6  various operational changes sought by plaintiff further shows that the amount in
7  controversy is satisfied.

8      16.    The complaint also seeks an award of attorneys' fees, which are
9  properly considered in calculating the amount in controversy. *Lowdermilk v. U.S.*
10 *Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Though Veros Credit denies
11 plaintiffs will prevail or have any right to recover attorneys' fees, the Court may
12 consider an attorneys' fee award of 25% of the potential damages sought in
13 determining whether CAFA's amount in controversy requirement is satisfied. See
14 *Heejin Lim v. Helio, LLC*, CV 11-9183 PSG PLAX, 2012 WL 359304, at *3 (C.D.
15 Cal. Feb. 2, 2012) (*citing Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699
16 (9th Cir. 2007)); *see also Wheatley v. MasterBrand Cabinets, LLC*, No.
17 EDCV182127JGBSPX, 2019 WL 688209, at *7 (C.D. Cal. Feb. 19, 2019); *Garcia*
18 *v. Wal-Mart Stores, Inc.*, No. CV1601645BRORAO, 2016 WL 6068104, at *6 (C.D.
19 Cal. Oct. 14, 2016).

20     17.    Plaintiff's complaint alleges that there is no jurisdiction under CAFA
21 because the case falls within the "home-state exception." Compl., ¶ 33. Plaintiff
22 alleges that more than two-thirds of the class is comprised of California citizens and
23 that Veros Credit is also a California citizen because its principal place of business
24 is located in California. It is plaintiff's burden to prove that an exception to CAFA
25 jurisdiction applies, and mere allegations without evidence do not suffice.
26 *Mondragon v. Cap. One Auto Fin*., 736 F.3d 880, 883 (9th Cir. 2013); *Serrano v.*
27 *180 Connect, Inc*., 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff will not be able to
28 meet his burden of proof because, among other reasons, Veros Credit is not a

1  California citizen.  The home-state exception is therefore inapplicable.  28 U.S.C. §
2  1332(d)(4)(B) (a "district court shall decline to exercise jurisdiction" over a class in
3  which "two-thirds or more of the members of all proposed plaintiff classes in the
4  aggregate, and the primary defendants, are citizens of the State in which the action
5  was originally filed."); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053,
6  1067 (9th Cir. 2019).

7  　　　　18.　　This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)
8  because it is being filed and served within 30 days service of the complaint on Veros
9  Credit.  *Kuxhausen*, 707 F.3d at 1139-43.

10 　　　　19.　　As required by 28 U.S.C. § 1446(d), Veros Credit will provide written
11 notice of the removal of this action to plaintiffs and to the Orange County Superior
12 Court.

13 　　　　WHEREFORE, Veros Credit prays that the State Court Action be removed
14 from state court to this Court and that this Court assume jurisdiction over the action
15 and determine it on the merits.

16 DATED:  April 20, 2023           SEVERSON & WERSON
17                                                            A Professional Corporation

19                                                            By:     */s/ Genevieve R. Walser-Jolly*
                                                                       GENEVIEVE R. WALSER-JOLLY

21                                                            Attorneys for Defendant VEROS CREDIT,
                                                                       LLC